No. 21,172.

MONTGOMERY COUNTY NATIONAL BANK, *Appellant*, v. I. W. WHERRY, *Appellee.*

SYLLABUS BY THE COURT.

1. CHATTEL MORTGAGE—*Possession by Mortgagee—Conditional Sale by Mortgagee—Not Determinative of Value of Property.* Where a mortgagee takes charge of mortgaged chattel property on the default of the mortgagor and endeavors to sell it, but only succeeds in making a conditional and abortive sale, the price fixed in the conditional and abortive sale is not necessarily a fair and reasonable basis for determining the true value of the property.

2. SAME—*Invalid Sale by Mortgagee—Conversion of Property.* Where a mortgagee takes charge of chattel property, owing to the default of his debtor, the mortgagor, it is the privilege of the mortgagee under the expressed terms of the mortgage to sell the mortgaged property outright, but the mortgagee has not the right to make a conditional sale of the property; it is technically a conversion of the property to make such conditional sale of it, and the mortgagee is liable to the mortgagor for the fair and reasonable value of the property at the time of such conversion.

Appeal from Montgomery district court; THOMAS J. FLANNELLY, judge. Opinion filed January 12, 1918. Reversed.

*L. P. Brooks*, of Cherryvale, for the appellant.

*H. A. Pritchard*, of Fort Scott, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: The plaintiff loaned $500 to the defendant upon his promissory note, secured by chattel mortgage covering the equipment of a billiard parlor in Cherryvale. The mort-

Bank v. Wherry.

gage contained the usual and familiar recitals of the rights and privileges of a mortgagee of chattels, and further—

"If from any cause said property shall fail to satisfy said debt and interest aforesaid, said party of the first part hereby agrees to pay the deficiency."

Shortly afterwards the defendant sold his equity in the chattel property and left the community and paid no further attention to the note, mortgage, or mortgaged property.

After the maturity and default of the note the plaintiff took possession of the property under its mortgage, rented it for two months at $10 per month, sold some of the property for $48, and made a conditional sale of the remaining chattels to one H. A. Monteath, for $450. The contract of sale provided that title to the property should remain in the bank until the balance of the purchase price was paid. Monteath paid the bank $35 and then returned the property and refused to make further payments. Since then the bank has made repeated but unavailing efforts to sell the property, and is ready to deliver to defendant the property undisposed of on payment of the balance due on his note.

The plaintiff brought this action to recover the amount alleged to be still due on the note. The defendant's answer demanded an accounting, and alleged that such accounting would show nothing due.

The trial court, among other matters above narrated, found as follows:

"That the selling price to Monteath of $450 together with the $35.00 [paid] by him and $20.00 received for two months' rent and $25.00 received for show case and $10.00 received for cash register and $3.00 received for stove, equals the amount due on the note to the plaintiff from the defendant at the time the property was sold to Monteath.

"Wherefore, it is considered, ordered and adjudged that the defendant have judgment for costs herein and go hence without day."

The bank appeals. Appellee raises the point that no transcript of the evidence was filed in the district court, but that only limits our labors touching the scope of the review.

The pleadings, findings, and judgment are here, and they are sufficient to require consideration of the error presented in the appeal. Plaintiff states it thus:

"The bank claims the court erred in allowing the credit of $450.00. which was to be but which was never paid on the conditional sale, and

15—102 Kan.

that it should have rendered a deficiency judgment against the defendant for the balance due after allowing the $93.00 credit as a partial payment."

Plaintiff's contention is not precisely correct, and neither in our opinion was the judgment of the trial court. Defendant was not entitled to a credit for the full amount for which the property was conditionally sold. The bank's transaction with Monteath was not an outright sale, and the amount for which the property was only conditionally sold in that abortive transaction was not a fair basis on which to fix the value of the property. But the bank was not authorized to make a conditional sale of the property. It was authorized to sell it outright, even at a sacrificial price if it did so in good faith. But when it made a conditional sale of the mortgaged chattels, it was guilty of converting the property (38 Cyc. 2005, 2022), and the legal consequence of that conversion was to charge the bank with its fair and reasonable value. (13 Cyc. 170; see, also, *id*. 69, 70.) It is intimated in defendant's brief that a city ordinance barring the maintenance of billiard parlors in Cherryvale is the real cause of the property being locally unsalable. However that may be, there is certainly a market for billiard-hall property somewhere, which the litigants ought to be able to ascertain without difficulty, and that market value, less freight charges and any other proper deductions, would indicate approximately the fair value of the property. (8 R. C. L. 489.) There may be other ways of ascertaining its true, fair, and reasonable value. To determine the fair value of the property at the time it was converted, and to give defendant credit on the note therefor, and to render judgment for plaintiff for the balance, if any, still due after giving that credit, the judgment of the trial court will be reversed and the cause remanded with instructions to that effect.

It is so ordered.